IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

J.S.K. REALTY COMPANY,
a corporation

  Plaintiff,

v.             Civil Action No. 5:07CV83
                 (STAMP)
GALILEO MOUNDSVILLE, LLC,
a limited liability corporation

  Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND**

I. Background

The plaintiff in the above-styled civil action, J.S.K. Realty Company ("J.S.K."), is a West Virginia business corporation with its principal offices in Weirton, West Virginia. On May 24, 2007, J.S.K. filed a complaint in the Circuit Court of Ohio County, West Virginia, seeking a declaratory judgment against the defendant, Galileo Moundsville, LLC ("Galileo"), a limited liability company with its principal place of business in the State of New York. Service of process was effected on May 31, 2007.

The controversy concerns a land lease agreement, to which J.S.K. was an original party and to which Galileo later became a party through assignment by New Plan Excel Realty Trust, Inc. ("New Plan"). Under the terms of the land lease, J.S.K.'s annual rent payments to Galileo fluctuate according to dividends paid on 33,333 shares of New Plan. The higher the dividends, the higher the rent;

the lower the dividends, the lower the rent. At issue is whether the elimination of all dividends on New Plan shares reduces to zero the annual rent J.S.K. owes.

J.S.K. contends that the annual rent under the lease agreement was reduced to zero beginning in April 2007, after J.S.K. received notice from Galileo that no further dividends would be paid on New Plan shares because of a merger between New Plan and Centro Properties Limited.[1] The complaint filed by J.S.K. in state court seeks a court judgment declaring that once dividends on New Plan shares were eliminated, the annual rent was reduced to zero and that J.S.K. does not currently owe, nor will owe in the future, any annual rent under the land lease. Galileo argues that the lease agreement provides for an annual minimum rent payment of $32,000.00 and that the elimination of dividends on New Plan shares does nothing to alter that minimum.

Galileo removed the action invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. J.S.K. filed a motion to remand. In its motion, J.S.K. makes three arguments: first, that removal was untimely; second, that Galileo intentionally failed to file a complete record with this Court and that such failure was material; and third, that the amount in controversy does not meet the jurisdictional requirements. Galileo filed a timely response, arguing that J.S.K.'s procedural assertions are themselves untimely

---

[1]Centro Properties Limited is not a party to this action.

and, therefore, waived and that Galileo has met the jurisdictional requirements for the amount in controversy. J.S.K. filed no reply. J.S.K.'s motion to remand has now been fully briefed and is ripe for review. After reviewing the parties' briefs and the applicable law, this Court finds that J.S.K. Realty Company's motion to remand this action must be denied for the reasons stated below.

## II. Applicable Law

### A. Procedural Requirements

The procedure for removal is governed by 28 U.S.C. § 1446. Section 1446 provides, in relevant part:

> (a) A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . , together with a copy of all process pleadings, and orders served upon such defendant . . . in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant.

28 U.S.C. § 1446(a), (b). Section 1447(c) governs remand procedures and provides, in pertinent part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1446(c).

### B. Subject Matter Jurisdiction

Unlike procedural defects, lack of subject matter jurisdiction may be raised at any time before final judgment. Id. A defendant

may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). To determine the amount in controversy in a diversity proceeding, courts are to consider "'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. Accordingly, "the plaintiff's claim remains presumptively correct unless the defendant can show by a

4

preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995). This burden of proof requires the defendant to produce evidence establishing that the actual amount in controversy exceeds $75,000.00. See id.

### III. Discussion

J.S.K. raises both procedural and jurisdictional arguments in support of its motion to remand. This Court will first address the jurisdictional issue. The parties do not, at this stage of the proceedings, dispute diversity of citizenship. Therefore, the only jurisdictional question before this Court is the amount in controversy.

A. Subject Matter Jurisdiction

As the party seeking removal, Galileo must show by a preponderance of evidence that it meets the jurisdictional minimum. According to J.S.K., this action must be remanded to state court because the amount in controversy does not exceed $75,000.00. J.S.K. maintains that it neither now owes nor in the future will owe any rent payments because the amount of its rent is tied to the amount of dividends paid on New Plan shares and all such dividends have been completely eliminated. Therefore, J.S.K. claims, the amount in controversy is at most $5,333.34, a figure derived from the May 14, 2007 billing statement sent on behalf of Galileo to

5

J.S.K. for rent payments due in April 2007 and May 2007. This figure represents Galileo's outstanding balance as of May 14, 2007, and includes an $800.00 credit for pro rated rent for the month of May, which J.S.K. asserts is evidence that the lease was cancelled and that no future rent payments are owed. With the lease cancelled and no future rent owed, J.S.K. claims, the amount in controversy is limited to $5,333.34 and falls far short of the jurisdictional minimum.

In response, Galileo argues that if it prevails in this litigation, then J.S.K.'s rent obligations will be at least $32,000.00 for the remainder of the land lease term, which expires on December 31, 2087. Under the scenario advanced by Galileo, the amount in controversy exceeds $2.5 million, thus meeting the jurisdictional requirement that the amount in controversy exceeds $75,000.00.

Although J.S.K. seeks a declaration that it owes no current or future rent, and that, at most, the defendants seek payment of the amount on the May 14, 2007 billing statement, the record before this Court establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Galileo has produced undated correspondence between representatives of the parties in which Ken Skipper, Galileo's representative, states: "Your [(i.e., J.S.K.'s)] last calculated

[rent payment] was $3466.77 monthly.[2] Since New Plan will pay no future dividend, this amount should be the amount you pay until lease end." (Def.'s Resp. Ex. 3.) The correspondence from Mr. Skipper also states that J.S.K. has "no right to abate rent under any circumstances[,]" and that J.S.K. "will have to pay the $3,466.67 monthly through lease end." Id. Galileo has also produced Article 2 of the land lease, which shows a lease termination date of December 31, 2087. Id. Extrapolating the monthly rent that Galileo claims J.S.K. owes until the termination date in the lease agreement yields total rent payments exceeding $2.5 million.[3]

Galileo has demonstrated by a preponderance of the evidence that the difference between what J.S.K. claims it owes under the lease and what Galileo claims J.S.K. owes makes the amount in controversy over the lease worth at least $2.5 million to Galileo. Consequently, "the pecuniary result to either party which [a] judgment would produce" exceeds $75,000.00, exclusive of interests

---

[2] An annualized monthly rent payment of $3466.77 would equal $41,601.24. In its brief opposing remand, Galileo has asserted that the annual minimum rent owed by J.S.K. equals $32,000.00. Even applying the lower figure, the amount in controversy meets the requirements for diversity jurisdiction.

[3] In its briefings, Galileo claims that J.S.K. owes a minimum annual rent of $32,000.00, which is a lesser amount than that asserted in the correspondence from Mr. Skipper upon which Galileo relies, in part, to oppose remand, but which -- under a lease agreement that does not terminate until December 31, 2087 -- still exceeds the $75,000.00 jurisdictional minimum.

7

and costs, thus meeting the jurisdictional minimum amount in controversy. This Court finds that the amount in controversy has been satisfied and that this Court, therefore, has subject matter jurisdiction.

B. Procedural Defects

Having determined that it has subject matter jurisdiction, this Court now addresses J.S.K.'s procedural arguments. J.S.K. asserts two procedural defects in Galileo's filing of the notice of removal, both of which concern Galileo's failure to file required documents under the time limits set forth in the governing rules of civil procedure.

First, when Galileo filed its notice of removal on June 29, 2007, it failed to file a corporate disclosure statement as required by Federal Rule of Civil Procedure 7.1.[4] The corporate disclosure statement was not filed until July 13, 2007.

Second, Galileo did not include with its notice of removal several exhibits which were attached to the complaint filed in state court and which formed part of the state court record, nor did Galileo file the exhibits within twenty days after removal.

---

[4] Federal Rule of Civil Procedure 7.1 (a) requires "a nongovernmental corporate party to an action or proceeding in federal court [to] file . . . a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation." Fed. R. Civ. P. 7.1(a). Rule 7.1(b) requires a party to "file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court[.]" Fed. R. Civ. P. 7.1(b).

Galileo thus also failed to comply with 28 U.S.C. § 1446(a), which provides that the notice of removal shall include "a copy of all process, pleadings, and orders served upon . . . [the] defendant" in the state court action, and with Rule 5.01 of the Local General Rules of Practice and Procedure, which provides that the defendant must meet this filing requirement within twenty days of removal. 28 U.S.C. § 1446(a); L. R. Gen. P. 5.01.

J.S.K. argues that the procedural defects in Galileo's removal require this Court to remand the action. Under 28 U.S.C. § 1447(c), however, a party must challenge any procedural failings in a removal petition within thirty days of removal. Procedural defects which go unchallenged within this thirty-day time frame are deemed waived. 28 U.S.C. § 1447(c).

In this case, June 29, 2007 is the date on which Galileo filed its notice of removal. Consequently, the thirty-day window for raising procedural challenges to Galileo's removal terminated on July 30, 2007.[5] J.S.K. filed the motion containing its procedural challenges on August 1, 2007, two days after the expiration of the thirty-day limit imposed by § 1447(c).

J.S.K. attempts to sidestep its own procedural failing by arguing that Galileo's notice of removal was incomplete until July

---

[5]The thirty-day period ended on July 29, 2007, a Sunday. The next business day, July 30, 2007, was the last date on which J.S.K. could raise challenges to procedural defects in Galileo's removal to federal court.

9

13, 2007, when Galileo filed its corporate disclosure statement, and that, therefore, J.S.K.'s challenges are timely under § 1447(c). J.S.K. offers no authority for this proposition, and this Court has located none. Furthermore, nothing in the Advisory Committee Notes to Rule 7.1 suggests that the corporate disclosure statement is required to effectuate removal or any other procedural event. See Fed. R. Civ. P. 7.1 advisory committee's note.

Given the absence of any authority to support J.S.K.'s position, this Court declines to find that Galileo's notice of removal became effective only upon the filing of the corporate disclosure statement. Accordingly, J.S.K. was required to raise procedural defects in Galileo's removal on or before July 30, 2007. Because J.S.K. failed to do so until August 1, 2007, its objections are untimely, and J.S.K. has waived the right to object to such defects by not raising them within the prescribed time. Therefore, to the extent that J.S.K.'s motion to remand is based upon procedural defects, this Court must deny it.

IV. Conclusion

For the reasons stated above, this Court concludes that it has subject matter jurisdiction over this matter and that the plaintiff has waived its right to raise procedural defects. Accordingly, the plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 4, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE